CHURCHMAN, WILLIAMS & COMPANY *v.* ROBINSON *et al.*

93   731
s99   786

1. The plaintiff's contention being that the account sued upon was hers, and the defendants contending that it was contracted with and belonged to others who were not parties to the suit, and there being no assignment of it in writing, it was not competent for the plaintiff to prove oral admissions, made by these strangers to the suit, that the account belonged to her, and that they had no interest in it.

2. On the trial of an action upon an open account, all of which arose in consequence of a written order given by the defendants to a certain partnership, it was competent for the defendants, after proving they had applied the money due upon the account to a debt of that partnership, to show that before this was done the plaintiff admitted that she had assumed a portion of the indebtedness of the partnership, and that in conversation with the counsel of the creditor of the partnership, to which creditor the defendants afterwards paid the money, she had expressed a willingness for the amount due on the account now in suit to be so paid. This evidence was admissible as tending to show that the defendants properly treated the debt in controversy as owing by them to the partnership, its weight and effect on this question being for determination by the jury.

April 30, 1894. Argued at the last term.

Complaint on account. Before Judge Smith. Dodge superior court. March term, 1893.

DeLacy & Bishop, for plaintiffs in error.

Roberts & Smith, *contra.*

Lumpkin, Justice.

The facts of this case are somewhat confused, but we gather from the record that the firm of Balcom, Vinson & Luckie, who were engaged in the lumber business, were succeeded by the Hawkeye Mill Company, which, in turn, was succeeded by Mrs. A. L. Robinson, the plaintiff below. She brought two actions against Churchman, Williams & Co., upon open accounts for lumber furnished, one of these actions being in her own name, and the other in the name of the Hawkeye Mill Company, for her use. The two cases, by consent, were consolidated; separate verdicts were rendered in favor of the plaintiff, and the defendants' motion for a new trial being overruled, they excepted.

It appears that the defendants below had given an order to Balcom, Vinson & Luckie for certain bridge timbers, a part of which were furnished by that firm, and the balance of the order was filled by Mrs. Robinson after she became the owner of the business. The

defendants insisted, however, that they had made no contract with Mrs. Robinson, had never recognized her as their creditor, and were really indebted to the original firm for all the timber delivered to them under the order above mentioned.   There was no written assignment to Mrs. Robinson of the account which had accrued at the time she took possession of the business.   Before her actions were brought, one Curry, a creditor of Balcom, Vinson & Luckie, had brought suit against that firm and caused garnishments to be served upon Churchman, Williams & Co., upon which he obtained judgment and collected the money from the latter firm.

1. Mrs. Robinson contended that the accounts sued upon, representing the indebtedness of Churchman, Williams & Co. for lumber they had received, belonged to her.   The defendants contended that their indebtedness—all of it—had been contracted with and belonged to Balcom, Vinson & Luckie.   The issue thus made was seriously contested at the trial.   The court, over defendants' objection, allowed the plaintiff to prove by her attorney, E. A. Smith, admissions or statements made by the members of the firm of Balcom, Vinson & Luckie, both before and after the commencement of the present suit, to the effect that they had no interest in the accounts sued on, but that the same belonged to Mrs. Robinson.   It appears from a correction made by the court to the ground of the motion for a new trial relating to this question, that defendants' counsel did not object to the answer of the witness after it was made, but did object to the question by which the answer was elicited, on the ground that any conversation between the witness and Balcom, Vinson & Luckie in reference to the claim sued on was hearsay, illegal and inadmissible.   Taking the original ground of the motion and the correction together, it fairly appears that the evidence itself was objected to on the ground stated; and

it was error to admit it. Balcom, Vinson & Luckie were not parties, but mere strangers to the suit. They were competent to be called and sworn as witnesses, and their statements to Mr. Smith were hearsay pure and simple. These statements were probably admitted under section 3786 of the code, which provides for receiving in evidence " admissions made by a third person against his interest as to a fact collateral to the main issue between the litigants, but essential to the adjudication of the case." Whatever the language quoted may mean, it is certainly not applicable to the present case, because the statements of Balcom, Vinson & Luckie were not collateral to the main isssue involved, but bore directly upon it.

2. The indebtedness of Churchman, Williams & Co. arose in the manner already stated. After proving they had paid to Curry upon the garnishment judgment the money which they contended they owed to Balcom, Vinson & Luckie, and not to Mrs. Robinson, they offered to prove by one of their counsel, J. Bishop, Jr., an admission by Mrs. Robinson that she had assumed, and on certain conditions agreed to pay, $379.00 of the amount due to Curry by Balcom, Vinson & Luckie; and also, that in conversation with this witness, she had expressed a willingness for the amount due on the accounts now in suit to be so paid. This evidence the court improperly rejected. It was certainly admissible as tending to show that Churchman, Williams & Co. were justified in treating the debt in controversy as owing by them to Balcom, Vinson & Luckie. The weight and effect to be given to this evidence, and the value to be attached to it, were questions for determination by the jury. When the case is tried again, with the illegal evidence excluded and the legal evidence admitted, and in the light of such additional facts as may be then brought out, exact justice, whatever it may be, will doubtless be done.                    *Judgment reversed.*