### 4896. DANIELS *v.* THE STATE.

No error of law is complained of, and the jury were authorized to infer guilt from the undisputed facts.

DECIDED JULY 8, 1913.

Indictment for sale of liquor; from Worth superior court—Judge Frank Park. April 1, 1913.

*Perry, Foy & Monk,* for plaintiff in error.

*R. C. Bell, solicitor-general,* contra.

HILL, C. J. The plaintiff in error was convicted of the offense of selling intoxicating liquor, and his motion for a new trial, based upon the general grounds alone, being overruled, he brings error. The evidence was as follows: The first witness for the prosecution, who was a police officer, testified, that he saw the accused go out of the back door of a store, "and take from his bosom a pint of whisky and deliver it to Homer Strong, and I saw Homer Strong deliver the defendant 75 cents in money. I arrested defendant and found on him five pints of whisky like that delivered to Homer Strong; it was at night and I was standing about thirty feet away." Homer Strong, being introduced by the State, testified as follows: "I remember the occasion testified about by Mr. Crow, and it is true that the defendant delivered to me a pint of whisky, and I delivered him 75 cents in money. Defendant gave me the whisky, however, and afterwards, while I was standing there, I paid him 75 cents that I owed him for borrowed money which he had lent me about a month before that time. Defendant knew at the time that the money I gave him was to pay him the debt I owed him for borrowed money; he asked me if I could pay him the money I owed him, and I taken the money from my pocket and gave it to him." This was the only evidence, and the accused made no statement to the jury.

While the general rule is that the jury should not arbitrarily refuse to believe the evidence of an unimpeached witness, in the

absence of conflict, yet a witness may be impeached by the unreasonableness of his evidence, or by proper inference, drawn from his evidence, of the existence of a mere pretext or subterfuge. Here the repayment of the loan, coincident with the receipt of the pint of whisky, is calculated to raise more than a grave suspicion of the existence of a subterfuge, and that the witness was endeavoring to shield the accused. Indeed, it strongly suggests a transparent pretext. Courts will not encourage criminal ingenuity by accepting as the truth of a transaction a statement which constitutes a reasonable foundation for an inference that the statement is a mere pretext for the purpose either of evading the law or of protecting another in its violation. We can not say that the practical sense of the jury was not wisely exercised, under the facts of the present case, and that the statement made by the second witness was not too great a tax upon their credulity. An explanation of this character should not be readily accepted as sufficient to remove the inference of guilt arising from unusual and most suspicious circumstances. If it should be accepted as sufficient, the door would be opened wide to the escape of those who violate the prohibition law in the sale of liquor. The evidence of the witness that the 75 cents was the repayment of a debt, and not payment for the pint of whisky, strongly suggests afterthought. It seems also to be unreasonable that the accused should be carrying around concealed on his person pints of whisky for the purpose of presenting them to his friends. The fact that they were concealed is a strong indication that his purpose was to sell, and not to make gifts. The jury saw the witness and heard the testimony, and the trial judge approved the verdict. A majority of this court is not willing to hold that the jury's deduction of guilt from the suspicious circumstances surrounding the conduct of the accused was not warranted; and the judgment is therefore 　　　*Affirmed. Russell, J., dissents.*