### MANSON et al. v. MESIROV.

(Circuit Court of Appeals, Third Circuit. January 15, 1919.)

#### No. 2415.

BANKRUPTCY ⚖️467—REVIEW—FINDINGS.

Conclusion of referee in bankruptcy, concurred in by the District Court, should not be disturbed on appeal, unless for plain error.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; John B. McPherson, Judge.

In the matter of the bankruptcy of Max Manson and Samuel F. Manson, copartners, individually and trading as Max Manson & Son and Adelphia Waist Company. On petition of Harry S. Mesirov, trustee in bankruptcy, the bankrupts were directed to turn over a sum of money, and, the order having been affirmed on certificate to the District Court, the bankrupts appeal. Affirmed and remanded.

Bertram D. Rearick, of Philadelphia, Pa., for appellants.

Edwin Fischer, Byron, Longbottom & Pape, and Jacob I. Weinstein, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges.

PER CURIAM. In the course of the administration of the bankrupt estate of Max Manson and Samuel F. Manson, the referee, after hearing proofs, made findings and entered an order that said bankrupts "pay over within 10 days to Harry S. Mesirov, as trustee herein, the sum of $2,467, belonging to their estate in bankruptcy, found to be in their possession or under their control." On certificate to it,

---

the District Court reconsidered the case, and thereafter entered its opinion and decree as follows:

"When a trustee seeks to obtain a turn-over order, the established practice in this circuit is to be followed. Epstein v. Steinfeld (C. C. A. 3) 210 Fed. 236, 127 C. C. A. 54. The present proceeding is in its first stage, and I shall only say that an attentive examination of the record discloses no reason for disagreement with the referee's report. But the concluding words of his order should be slightly modified, so as to read, 'found at the time the petition in bankruptcy was filed to be in their possession or under their control.' And, as the time for payment fixed by the referee has now expired, the date of August 15 is now substituted.

"Thus modified, the order is affirmed."

Thereupon this appeal was taken by the bankrupts to this court. No principles or questions of law, or procedure, are involved. The simple issue is one of fact, and those facts are fully discussed in the opinion of the referee. The contention, in substance, now is that the referee erred in his finding of facts, and the District Court erred in adopting those findings. We have carefully examined the testimony, and find the case had the careful and considerate attention of the referee, and we see no reason to differ from the conclusions he reached. As the referee's conclusions were concurred in by the District Court, we have a case where their joint judgment should not be disturbed unless for plain error.

The order below is affirmed, and the case remanded for further procedure by the court below.