## FIRE ASS'N OF PHILADELPHIA et al. v. WEATHERED et al.

### No. 6298.

Circuit Court of Appeals, Fifth Circuit.

Jan. 6, 1932.

Wm. C. Thompson, of Dallas, Tex., for appellants.

W. L. Eason and W. W. Naman, both of Waco, Tex., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellee, Weathered, brought two suits in a state court against appellants to recover on two policies of fire insurance, each for $4,000, for the destruction by fire of a dwelling in Waco, Tex. Each policy contained a clause making it payable to appellee, the Mortgage Bond Company, as interest might appear, and that company intervened to assert its rights. After removal to the federal court the cases were consolidated and tried as one. The policies were identical in form, and each contained a clause rendering it void if the dwelling should be vacant for a period exceeding 10 days or unoccupied for a period exceeding 30 days. The building was occupied by J. B. Stone, with his wife and family, as a tenant until September 15, 1930, when he moved out. The fire occurred on October 17, 1930, more than 30 days after the Stones had moved out. The proof of loss contained the statement that the building was occupied by the owner through an agent and employee who resided therein, without naming him. Appellants defended on the ground that the condition of the policies as to vacancy had been breached. At the close of the evidence, the District Court directed a verdict for plaintiffs for the face value of the policies, and on this verdict a single judgment was entered, payable $3,950.45 to the Mortgage Bond Company, the balance to Weathered. No question is raised as to the amount payable to the Mortgage Bond Company. However, error is assigned to the action of the court in directing a verdict for Weathered.

Weathered's recovery depends entirely on the uncorroborated testimony of one Sonnie Mosely. This witness testified, in substance, that Weathered told him, if he would go and stay in the house, he would make it all right with him; that he went in on September 20th and stayed until October 14th; that he took a small folding cot, a pair of blankets, and a couple of quilts; that he slept in the front room on 18th street and put his cot and bedclothes in the closet during the daytime; that he was there only at night, going there after dark and leaving about daylight in the morning; that he used a flashlight to get about the house, and did not know whether there were any lights in it, and did not think there was any water turned on. He never ate anything in the house, just slept there. Weathered did not testify as to any agreement with Mosely.

On the other hand, Mrs. Stone, the former tenant, testified that she had visited the house a number of times after September 20th, and did not see any evidence of occupancy; that there was no closet in the front room, and she did not think there was any closet in the house big enough to put a cot and bedclothes in; that she looked into some of the closets during her visits, and saw nothing in them. Some eight or nine other witnesses who were close neighbors, some living directly across the street from the building, and others, storekeepers nearby, testified that they never saw any one in the house; that they saw no lights at night and saw no evidence whatever of occupancy.

While positive testimony is to be preferred to negative testimony, positive, uncontradicted testimony may be disregarded by the jury because of its inherent improbability. Quock Ting v. United States, 140 U. S. 417, 11 S. Ct. 733, 851, 35 L. Ed. 501. Conceding that a verdict may be directed for a party when the evidence so clearly pre-

ponderates in his favor that a verdict for the other party would require the granting of a new trial, in the exercise of sound discretion, that situation is not presented here. It is hardly probable that Mosely could have occupied the building at night for 24 days, moving around with a flashlight, without his presence being noted by some of the neighbors, and it is not conceivable that a man occupying an otherwise untenanted building would take the trouble to fold up his cot and put it and his bedding away in a closet every morning, when he apparently was unconcerned about washing his face. The jury as reasonable men might have concluded to reject his testimony entirely. The conflict in the evidence required the case to be submitted to the jury. It was error not to do so.

Reversed and remanded.