**LOWENSTEIN v. I. N. PLATT & CO., Inc.**

No. 334.

Circuit Court of Appeals, Second Circuit.

May 9, 1932.

J. Irwin Shapiro, of New York City (David W. Kahn, of New York City, of counsel), for appellant.

Jacob Zinaman, of New York City, for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

Meyer Reikes, Inc., was adjudicated a bankrupt on a petition filed March 29, 1929. It was a New York corporation in the business of contract building in which Meyer Reikes himself had been engaged for some years. In October of 1928, its president, Meyer Reikes, asked I. Nathan Platt, who was president of the defendant corporation, and who had had rather extensive business dealings with Meyer Reikes and with the corporation of that name, to advance $5,000 to the Reikes corporation. At that time Platt's corporation was a substantial creditor of Meyer Reikes, Inc. After some conversation in regard to the loan and security for it, Platt let Reikes have a check of his corporation payable to Meyer Reikes for $5,000, and Reikes gave to Platt, as security, a note of Papae & Co. for $5,000 payable to the Reikes corporation and endorsed by it. This Papae note is not in controversy in this case. The defendant claims, and both Reikes and Platt testified, that at the same time Reikes gave to Platt, as additional security for the bankrupt's indebtedness to the defendant, a duebill issued to the bankrupt by the Credit Alliance Corporation for $11,667.88. Both these men also testified that when the duebill was delivered to Platt in October, 1928, it was agreed that whatever written assignment might be necessary would later be executed and delivered to Platt. No such assignment was, however, executed until February 7, 1929, when it was drawn wholly in terms as of that date without any reference to a transfer of the duebill the previous October. The bankrupt also made to the defendant on February 4, 1929, a payment in cash of $1,500 on account.

Between October, 1928, and the occurrences the next February, above mentioned, the defendant continued to perform work for the bankrupt, and to extend credit to it. A note of the bankrupt for $1,800 payable to the defendant fell due November 25, 1928, and was protested for nonpayment. Another of the bankrupt's notes which the defendant held became due January 17, 1929, and after being deposited for collection was withdrawn from the bank at the request of the bankrupt upon the representation that it could not be paid when due. There was good evidence that the bankrupt was insolvent on February 4, 1929, and the knowledge the defendant then had of its financial condition gave it reasonable cause to believe that any payments received on its debt would be preferential.

By stipulation, the issues presented were tried by a jury which returned a verdict for the plaintiff on each issue. The court properly treated these verdicts as advisory only. It agreed with the jury on the facts, however, and entered a decree for the plaintiff to recover with interest the $1,500 payment and also held that the assignment of the duebill should be set aside.

The evidence of the bankrupt's insolvency, at the time the $1,500 payment was made, coupled with the defendant's knowledge of its desperate financial straits and the fact that within four months Meyer Reikes, Inc., was adjudicated a bankrupt, may well have made this payment a recoverable preference under section 60b of the Bankruptcy Act (11 USCA § 96(b). Yet we need not press so

far that phase of the case. That insolvency was imminent at the time cannot be doubted. The payment under such circumstances brought about a pro tanto distribution of the assets of this corporation which the defendant had reasonable cause to believe would effect a preference in violation of the provisions of section 15 of the New York Stock Corporation Law (Consol. Laws, c. 59), and the plaintiff may recover for that reason. Emerson v. Berman (C. C. A.) 57 F.(2d) 637.

If the duebill was transferred to the defendant on February 7, 1929, it has exactly the same status as the $1,500 payment for there was no substantial change in the financial condition of Meyer Reikes, Inc., between February 4th and February 7th. The evidence of Reikes and Platt to the effect that it was in fact delivered to the defendant the previous October under the agreement already stated was supported by the evidence of an attorney named Shapiro that Platt consulted him in October and then had the duebill with him. The claimed transfer of the duebill in October was proved by the testimony of these men if that testimony is worthy of belief. The fact that a written assignment of the duebill was executed and delivered to the defendant in February, 1929, is certainly not conclusive evidence of the date of the actual assignment and no one claims that it is. To decide the actual date of the transfer requires that the credibility of these witnesses be passed upon, and in that we are handicapped, as we are in all such appeals, by having to judge only from the printed record. The men on the jury who saw these witnesses did not believe them. The judge who also heard them testify decided that the duebill was not transferred to the defendant in October, 1928, but in February, 1929, when the written assignment was executed purporting to transfer it as of that date without any reference whatever to any delivery of it to the defendant the previous October under the agreement to which Reikes and Platt testified. It might have been transferred at either time. If the testimony as to the October transfer did not establish the date, the written assignment of February 7th did. The court was not bound to believe these witnesses, though they were neither impeached nor contradicted except by whatever improbability there was that their testimony was credible in view of the circumstances shown and what the trial judge and jury could determine about it from such acquaintance with them as was afforded by their appearance as witnesses and the setting in which the evidence in the case put them. See Quock Ting v. United States, 140 U. S. 417, 11 S. Ct. 733, 851, 35 L. Ed. 501. As the facts on which the trial judge based his decision were supported by evidence it was reasonable to believe, it is unavailing on this appeal to point out evidence to the contrary.

Decree affirmed.