## MANERS v. AHLFELDT et al.

### No. 9370.

Circuit Court of Appeals, Eighth Circuit.

June 11, 1932.

M. F. Elms, of Stuttgart, Ark. (W. A. Leach, of Stuttgart, Ark., on the brief), for appellant.

T. J. Moher and John L. Ingram, both of Stuttgart, Ark., for appellees.

Before VAN VALKENBURGH and SANBORN, Circuit Judges, and DAVIS, District Judge.

DAVIS, District Judge.

This is an appeal from an order entered in the District Court disallowing a claim in bankruptcy.

C. T. Morgan filed a voluntary petition in bankruptcy, on March 18, 1931. The appellee was elected and qualified as trustee. Appellant filed a claim for $4,000 with interest and sought its allowance as a preferred demand. The evidence was first heard by the referee in bankruptcy who entered his order denying the claim. On a petition to review, the claim was reheard in the District Court, where the evidence was again offered, with the

result that the action of the referee was affirmed and the claim disallowed.

The only point urged is that "the Court erred in not allowing appellant's claim for the full amount as a secured claim."

The bankrupt on November 17, 1930, executed a promissory note, payable to appellant, due one year from date, for $4,000, together with interest from date at the rate of 8 per cent. per annum. To secure the payment of said note the bankrupt gave appellant a chattel mortgage covering store fixtures and live stock. The mortgage was, on the same day it was executed, filed for record in Arkansas county, Ark.

The following circumstances shown in evidence made necessary a close scrutiny of the testimony:

(1) The wives of appellant and the bankrupt were sisters.

(2) The note and mortgage were executed just four months and one day prior to the filing of the petition in bankruptcy. A lawyer drew the mortgage, but no one was present when appellant is said to have delivered the money.

(3) The appellant and the bankrupt testified that $4,000 was paid and retained in cash, though they both had bank accounts at the time. At the first hearing before the referee appellant stated that the money was received in cash from a certain estate in which he was interested. The executor of the estate was produced at the second hearing before the referee, and he testified that only about $1,700 was paid to appellant by the estate, and two canceled checks were produced by which the payments were made. The appellant then testified that the $4,000 was the proceeds of rents that had been collected over a period of three or four months. The bankrupt gave no satisfactory explanation of how he had disposed of this money. Appellant and the bankrupt explained the handling of the money in cash by saying that there had been numerous bank failures in the county and state about the time the loan was made.

(4) The appellant was an experienced business man, and while he had frequently made loans on real estate, this, he said, was the first loan he had ever made on personal property. The appellant at the time of the execution of the note had outstanding past-due obligations.

(5) The loan was made at a time the bankrupt's affairs were in desperate condition, in that he had a small retail stock of merchandise valued at $3,500, and owed to two creditors more than $6,000. Yet the appellant stated that he made the loan without any investigation of the bankrupt's financial condition.

(6) The chattel mortgage covered all the property the bankrupt owned, except the stock of merchandise.

■ Whether the demand of appellant constituted a just claim against the bankrupt estate involved the consideration of the testimony, not without conflict, and the credibility of the witnesses, in view of the relationship existing between the bankrupt and appellant, their interest in the case, and the more or less improbable accounts that were given concerning the loan, and the manner and circumstances under which it was said to have been made. It was peculiarly a case in which the opportunity to see and hear the witnesses was of importance in determining their credibility. The evidence was heard by both the referee in bankruptcy and the District Court, and in each instance the ruling was adverse to the claim. The finding made ought not to be disturbed unless it can be clearly ascertained that some error of law or mistake of fact had led to an erroneous conclusion. Page v. Rogers, Trustee, 211 U. S. 575, 29 S. Ct. 159, 53 L. Ed. 332; First National Bank v. Abbott (C. C. A. 8) 165 F. 852; Doyle Dry Goods Co. v. Lewis (C. C. A. 8) 5 F.(2d) 918; Houchin Sales Co. v. Angert (C. C. A. 8) 11 F.(2d) 115; In re Trimble (C. C. A. 8) 55 F.(2d) 165; Manson v. Mesirov (C. C. A.) 254 F. 799, certiorari denied 249 U. S. 615, 39 S. Ct. 389, 63 L. Ed. 803; Schmid v. Rosenthal (C. C. A.) 230 F. 818; Ohio Valley Bank Co. v. Mack et al. (C. C. A.) 163 F. 155, 24 L. R. A. (N. S.) 184.

■ No error of law or fact is urged, aside from the conclusion reached. It is contended that the evidence, without contradiction, showed that the loan was made, and, consequently, the claim should have been allowed. There was some conflict in the testimony, and many circumstances created doubt of its credibility. The interest and demeanor of the witnesses and their manner of testifying may have been such as to have rendered the transaction so improbable that the trial court could not find with any degree of assurance that the demand was just and proper. The court was not obliged to believe the testimony if it were so improbable as to fail to carry conviction. Quock Ting v. United States, 140 U. S. 417, 11 S. Ct. 733, 35 L. Ed. 501; Cline v. United States (C. C. A. 8) 20 F.(2d) 494,

loc. cit. 497; Reiss v. Reardon, Trustee (C. C. A. 8) 18 F.(2d) 200; In re Baumhauer (D. C.) 179 F. 966.

Both the referee and the District Court heard the witnesses and denied the claim. It cannot be said it was error to reach that conclusion.

The judgment is affirmed.