## IRVING TRUST CO. v. TEXTILE BANKING CO., Inc.

District Court, S. D. New York.
Aug. 4, 1932.

Marx, Goldberg & Kahn, of New York City (by Laurence A. Kahn, of New York City), for plaintiff.

White & Case, of New York City (by William St. John Tozer and Milton A. Kramer, both of New York City), for defendant.

BONDY, District Judge.

The defendant acted as factor for the American Rayon Products Corporation. It did not consider the bankrupt a good credit risk, and required the American Rayon Products Corporation to guarantee the bankrupt's account. The last shipment made to the bankrupt on defendant's account was on July 8, 1929. After repeated demands, the bankrupt delivered to the defendant on September 20, 1929, a check for $2,763.20, dated October 1, 1929, and another for $2,878.34, dated October 11, 1929. Neither of these checks was paid when due, and the first was returned on account of insufficient funds. The bankrupt had never before given defendant any postdated checks. After further demands and threats of proceedings against the bankrupt, and after a representative of the defendant had stated that he had two creditors ready to join with defendant in signing papers, there was delivered to the defendant on October 16, 1929, at which time the bankrupt was insolvent, a certified check of a finance corporation for $2,500, payable to the order of the bankrupt and indorsed in blank by the bankrupt. This check was obtained by the bankrupt by pledging its accounts receivable as collateral security.

These facts establish that, when the defendant received the check for $2,500, it had reasonable cause to believe that the giving of the check constituted a preference. They put the defendant on notice and charged it with knowledge of the facts that reasonable inquiry would have disclosed. Lowenstein v. I. N. Platt & Co., Inc. (C. C. A.) 58 F.(2d) 173; Williams v. Plattner (D. C.) 46 F.(2d) 467; In re Jameson & Meyers (C. C. A.) 32 F.(2d) 999; Boston National Bank v. Early (C. C. A.) 17 F.(2d) 691; J. Ochoa & Hermano v. Blanco (C. C. A.) 15 F.(2d) 618; Cohen v. Tremont Trust Co. (D. C.) 256 F. 399; Stevens v. Oscar Holway Co. (D. C.) 156 F. 90; Pittsburgh Plate Glass Co. v. Edwards (C. C. A.) 148 F. 377; Sundheim v. Ridge Ave. Bank (D. C.) 138 F. 951; Pender v. Chatham Phenix National Bank & Trust Co. (C. C. A. 2d) 58 F.(2d) 968, decided May 23, 1932.

There accordingly should be a decree for the plaintiff.