COLEMAN v. CAPLAN.

No. 8248.

District Court, W. D. Pennsylvania.

Jan. 17, 1936.

Kountz & Fry, of Pittsburgh, Pa., for plaintiff.

Hyman Schlesinger and L. Dan Schmidt, both of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action by the trustee in bankruptcy to recover an alleged preference paid to the defendant. At the trial the court reserved the decision on the point submitted by the defendant, which reads: "There is no evidence to show that defendant had reasonable cause to believe that bankrupt was insolvent at any of the times of transfer and had reasonable cause to believe he was obtaining a preference at any time," and took the verdict of the jury subject to the decision of said point. The jury's verdict was in favor of the plaintiff in the sum of $1,300. The case is now before us on defendant's motions for a new trial and for judgment non obstante veredicto.

At the hearing of said motions the argument of counsel, as in their briefs, was limited to the question of law contained in the aforesaid point. The court has not been furnished with a transcript of the evidence taken at the trial except a transcript of the evidence of the defendant, which consists of his evidence at a hearing before the referee in bankruptcy, which evidence was offered by the plaintiff. The verdict of the jury established that the bankrupt was insolvent at the time of the payments made to the defendant, also that the defendant had reasonable cause to believe at the time he received the payments from the bankrupt that the same would effect a preference. The only question, therefore, for the court is whether there was sufficient evidence to submit to the jury that the defendant had reasonable cause to believe that such payments would constitute a preference.

There was evidence that the defendant was a business man, being a secret partner with another son in the grocery business; that the defendant is the father of the bankrupt; that the defendant loaned the bankrupt in the latter part of January, 1935, $1,400 for the bankrupt to purchase a partner's interest in a small grocery store; that the defendant paid the money loaned to his son directly to the partner, whose interest in the store the son purchased; that the defendant told his son at the time of loaning the money that he would need the money back in thirty days; that the defendant took as security for said loan an automobile of the bankrupt, the title and possession of which was transferred and delivered to the defendant, at the price of $520; that the son failed to pay the loan when due; that the defendant pressed him for payment; that the son said he would do the best he could to borrow money to repay the father and that upon being further pressed the son stated that he was going to do his best to get the money; that he had customers who owed him a considerable sum of money; that the mills were closed and that the majority of his customers were trying to get back on the welfare; that the son paid the father in checks of a third person, or persons, $1,300 or more, and that the defendant, after said payments, retained the automobile which he had taken as security. The father was not called as a witness at the time of the trial.

I am of the opinion that under the evidence aforesaid, the court cannot say, as a matter of law, that there was not sufficient evidence to submit to the jury that the defendant had reasonable cause to believe that the payments made would constitute a preference but that under the evidence this was a question of fact for the jury. I have reached this conclusion from a consideration of all the evidence in this case, but particularly by reason of the relationship between the defendant and the bankrupt; the statement of the bankrupt made at the time the money was borrowed that "if it is the last thing I ever do I will see that your money will not be lost"; failure of the bankrupt to pay said money until pressed to do so; the payments by the checks of third persons; the statement made by the bankrupt as to the general financial condition in the community, and the condition of his customers; and from the failure of the defendant, although present in court, to testify at the time of the trial of this case.

In Pender v. Chatham Phenix National Bank & Trust Co., 58 F.(2d) 968, 970. (C. C.A.2), it is stated: "In preference cases, notice of facts which would incite a man of ordinary prudence to an inquiry under similar circumstances is notice of all the facts which a reasonably diligent inquiry would have disclosed." See, also, Brown Shoe Co. v. Carns, 65 F.(2d) 294 (C.C.A. 8); Irving Trust Co. v. Textile Banking Co., 3 F.Supp. 816 (D.C.S.D.N.Y.); and Cunningham, Trustee v. Brown et al., 265 U.S. 1, 44 S.Ct. 424, 68 L.Ed. 873, 3 A.B. R.(N.S.) 1.

The point of the defendant aforesaid, and the motions of defendant for a new trial and for judgment non obstante veredicto are refused.