## AMERICAN CASUALTY CO. OF READING, PA., v. WINDHAM et al.

### No. 222.

District Court, M. D. Georgia, Macon Division.

Feb. 7, 1939.

T. Baldwin Martin and B. Cubbedge Snow (of Martin, Martin and Snow), all of Macon, Ga., for plaintiff.

V. McKibben Lane and W. C. Turpin, Jr. (of Turpin & Lane), all of Macon, Ga., for defendants' Windham.

DEAVER, District Judge.

1. C. E. Havnaer, who controlled the Puritan Candy Company, and W. M. Allen, its salesman, who kept and used the company's automobile involved in this case, testified that Allen's personal use of the car was expressly limited to Bibb County and that any trip out of the county was expressly prohibited, except when specific permission for any such trip was obtained in advance. I have not been able to accept that testimony, though there is no direct, positive testimony to the contrary.

If the court is bound by that testimony, then the decree in this case is wrong, because there can be no permitted use, by implication or otherwise, if the use was expressly prohibited; and if the use was expressly prohibited, the insurer is not bound. Columbia Casualty Co. v. Lyle, 5 Cir., 81 F.2d 281; Caldwell v. Standard Acc. Ins. Co., 6 Cir., 98 F.2d 364 (3).

■ However, positive uncontradicted testimony may be disregarded because of its inherent improbability. Fire Ass'n of Philadelphia et al. v. Weathered et al., 5 Cir., 54 F.2d 779; Quock Ting v. United States, 140 U.S. 417, 11 S.Ct. 733, 35 L.Ed. 501; Union Transp. Co. v. Kent, 9 Cir., 129 F. 715, 721; Southern Pac. Co. v. Hanlon, 9 Cir., 9 F.2d 294, 296 (engineer's testimony); Rasmussen v. Gresly, 8 Cir., 77 F.2d 252, 254 (testimony of husband and wife as to his acting without her authority, knowledge or consent); Lowenstein v. I. N. Platt & Co., Inc., 2 Cir., 58 F.2d 173, 174 (as to delivery of paper); Maners v. Ahlfeldt et al., 8 Cir., 59 F.2d 938 (claim in bankruptcy); Spiro State Bank v. Bankers' Nat. Life Ins. Co. et al., 8 Cir., 69 F.2d 185 (agreement with bank by borrower as to insurance); F. T. Dooley Lbr. Co. v. United States, 8 Cir., 63 F.2d 384, 388 (as to inventory of lumber); Reiss v. Reardon, 8 Cir., 18 F.2d 200, 202 (as to bankrupt's losing money in gambling and riotous living); Walker v. Perry, Adm'r, 54 Ga.App. 537, 541, 188 S.E. 546; Patton v. State, 117 Ga. 230, 43 S.E. 533; Daniels v. State, 13 Ga.App. 66, 78 S.E. 777; O'Laughlin v. Helvering, Commissioner, 65 App.D.C. 135; 81 F.2d 269, 271 (as to disbursing money); see Georgia Code, § 38-107.

In Denison v. McNorton, 6 Cir., 228 F. 401, 406, there was testimony that there was no right to use car without express permission, but court held that, under facts of that case, jury could regard the testimony as improbable and find implied authority.

■ The evidence introduced to impeach the witnesses, Havnaer and Allen, is probably not sufficient wholly to impeach them but may be considered along with all the other facts and circumstances bearing on the credibility of their testimony. The manner of the witnesses on the stand and the form in which they put their answers indicated that by some sort of prearrangement they were stretching a sort of undisclosed expectation of Havnaer's into an express limitation of use to Bibb County.

The statements signed by the witnesses soon after the accident do not altogether harmonize with the position taken by them in the trial. That fact, considered in the light of what is necessary to make out a case for the plaintiff, leads one to suspect that Havnaer and, through his influence, Allen, who is still working for Havnaer, were attempting to make their testimony square with the law governing the liability of the insurer.

Moreover, in the situation existing when the car was delivered to Allen to keep continuously in his possession, it is reasonable to say, as Allen at first testified, that Havnaer told him he could use the car in and around Macon when not on business; but it is inherently improbable that Havnaer mentioned Bibb County at all.

In any event, I am entirely convinced that the findings of fact made represent the truth of the case.

■ 2. In the absence of express prohibition, permission to use car may be implied. Maryland Casualty Co. v. Ronan et al., 2 Cir., 37 F.2d 449, 72 A.L.R. 1360; Denison v. McNorton, 6 Cir., 228 F. 401, 405; Brochu v. Taylor, 223 Wis. 90, 269 N.W. 711; Aetna Life Ins. Co. v. Chandler, 89 N.H. 95, 193 A. 233.

■ In this case there was no express limitation of use. Express permission to use the car in and around Macon might, it is true, without more, exclude permission to use it elsewhere; and a trip to Columbus would not, in my opinion, come within the deviation cases. This is not a deviation case but a case of permitted use. However, here the car was placed in Allen's continuous possession with express permission to use it in and around Macon and with express permission, without exception, to use it out of Macon six or eight times. Moreover, Havnaer testified that he would have permitted its use in going to Fort Valley if he had known about it. It is obvious that in asking the question counsel selected Fort Valley at random and might have used the name of any other town in the state. The import of the answer is that, if Havnaer had been asked, he would have permitted Allen to go to any place out of Macon, within reason, including Columbus. From that course of conduct permission may be fairly implied.

3. The policy covers any one using the car or any one legally responsible for its use, if the use is permitted by the named assured. The policy refers to any one "using", not to any one "driving" or "operating". In Jones v. New York Casualty Co., D.C., 23 F.Supp. 932, it is held: "Where policy issued on automobile provided for coverage if any person was 'using' the automobile with insured's permission or was 'legally responsible for its use,' and insured permitted son to use automobile, the fact that son of insured permitted a friend to drive the automobile in which son was riding at time of fatal accident would not preclude recovery from insurer for death of an occupant of the automobile, since son was 'using' automobile within terms of policy."

■ One permitted to use car is still using it with permission though he lets some one else drive against instruction of named assured. The thing forbidden related to the operation of the car, not to its use. See body of opinion in Glens Falls Indemnity Co. v. Zurn et al., 7 Cir., 87 F.2d 988.

■ Employee using car with permission of employer but being prohibited from carrying guest was still using car with permission though he violated instructions and took guest. Hartford Accident & Indemnity Co. v. Collins, 5 Cir., 96 F.2d 83.

■ In this case Allen was using the car with permission of the named assured, to transport himself and his friends to Columbus and he was still so using it, though he permitted another, without a driver's license, to drive the car. Moreover, Allen was legally responsible for the use of the car. His legal responsibility is determined by the law of Georgia. In Georgia a principal is liable for a tort of his agent within the scope of his business. Georgia Code, § 105-108.

■ The owner of an automobile who is present in the machine is liable for the negligence of his driver. Watkins v. Brown, 14 Ga.App. 99, 80 S.E. 212; see Fielder v. Davison, 139 Ga. 509, 77 S.E. 618; see Maryland Casualty Co. v. Ronan et al., 2 Cir., 37 F.2d 449, 72 A.L.R. 1360.

■ Allen was using the car and Handley was the agent of Allen while driving. Allen was, therefore, legally responsible for the operation. Handley was not the agent of the named assured and was not using the car with the permission of the named assured because Allen had no authority to act for the named assured in permitting Handley to drive the car.

The case is different from Columbia Casualty Co. v. Lyle, 5 Cir., 81 F.2d 281. There the caretaker who was authorized to use the truck was not using it. He, without authority and against his instructions, permitted a third person to use the truck on an independent mission. The third person was not using the truck with the permission of the named assured. So here Handley was not using the car with the permission of the named assured but Allen was so using it, though he broke a rule of the named assured by permitting Handley to drive.

Whereupon, it is ordered, decreed and declared:

1. That plaintiff is under no duty to defend any suit against Melvin Handley growing out of said accident and is not liable to pay any judgment that may be obtained against him in any such suit.

2. Plaintiff is bound to defend any suit against W. M. Allen growing out of said accident and is bound to pay any judgment that may be therein obtained within the limitation contained in said policy as to amount.

3. That plaintiff is not entitled to any permanent injunction against said suits.

4. That the temporary injunction, heretofore granted, is hereby dissolved.

5. That plaintiff pay the cost of this proceeding.