## AMERICAN CASUALTY CO. OF READING, PA., v. WINDHAM et al.
### No. 9091.

Circuit Court of Appeals, Fifth Circuit.
Nov. 7, 1939.

Rehearing Denied Dec. 13, 1939.

SIBLEY, Circuit Judge, dissenting.

———◆———

T. Baldwin Martin and Cubbedge Snow, both of Macon, Ga., for appellant.

Van McKibben Lane and William C. Turpin, Jr., both of Macon, Ga., for appellees.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The American Casualty Company petitioned for declaratory judgment as to its responsibility under a policy of automobile public liability insurance issued to the Puritan Candy Company of Macon, Georgia. After a hearing the judge made findings of fact and conclusions of law and entered judgment contrary to the contentions of the appellant insurance company.

On March 1, 1938, the insurance policy in question was issued to Clarence E. Havnaer and others, doing business as the Puritan Candy Company, a partnership. The policy covered a number of automobiles owned by the company. The contract by its terms declared that its coverage included "not only the named Insured but also any person while using the automobile * * * (for) pleasure and business * * * provided further that the actual use is with the permission of the named Insured. * * * *"

W. M. Allen was a traveling salesman for the candy company, and used one of the cars covered by the insurance policy. When not on the road, he was permitted to retain possession of the car, keep it at his house, and use it for the convenience of himself and his family in and around Macon. Havnaer expected Allen to be reasonable in his use of the car, but did not expressly limit the use of it to Bibb County as claimed by the appellant. Allen was never refused permission to take trips beyond the county.

On Sunday, July 3, 1938, Allen took Melvin Handley and three others in the company car and started for Columbus, Georgia, to attend a ball game. Allen gave Handley the wheel and then retired to the back seat and went to sleep. About fifty miles out from Macon the car struck and killed Jack Windham, injured his brother, Frank Windham, and damaged an automobile belonging to A. Atkinson.

The court found that Allen was using the car with the implied permission of the named assured, and that Handley, the driver, had no such permission. The court further held that the insurance company was under no duty to defend suits against Handley; that since Allen was an additional insured, the company was bound to defend suits against him and pay any judgment obtained within the limits of the policy.

The appellant contends that the findings of fact are erroneous and complains that the trial judge rejected positive uncontradicted evidence of Havnaer and Allen to the effect that Allen had been explicitly instructed not to take the car out of the county without express permission. The trial judge had all the witnesses before him and was able to weigh the evidence and consider the credibility of each witness. Under the facts and circumstances he disregarded part of the testimony "because of its inherent improbability." The case being tried without a jury, he had authority to do this and the record sustains his action. Quock Ting v. United States, 140 U.S. 417, 11 S.Ct. 733, 851, 35 L.Ed. 501; Fire Ass'n of Philadelphia v. Weathered et al., 5 Cir., 54 F.2d 779; Patton v. State, 117 Ga. 230, 43 S.E. 533.

Allen, Havnaer, and the father and mother of Jack Windham, the boy who

was killed, and Frank Windham, who was injured, were named co-defendants by the insurance company. The company contends that these parties were co-defendants with a joint interest, and that the Windhams were in privity with Allen and Havnaer and bound by their testimony. We cannot follow this reasoning. The statute cited and relied upon, Georgia Code Annotated Sec. 38-407, is not authority in the fact situation presented here.

Permission to use a car may be implied in the absence of express prohibition. Maryland Casualty Co. v. Ronan et al., 2 Cir., 37 F.2d 449, 72 A.L.R. 1360. The court was justified in finding that Allen had implied permission to use the automobile, and that he was "using" it, though actually not driving at the time of the accident. Jones v. New York Casualty Co., D.C., 23 F.Supp. 932; Glens Falls Indemnity Co. v. Zurn et al., 7 Cir., 87 F.2d 988.

The appellant cites this court's recent opinion in Columbia Casualty Company v. Thomas, 5 Cir., 101 F.2d 151, as authority for the claim that the court below should have, at most, dismissed the plaintiff's suit without prejudice. In the Columbia Casualty case there was "no basis in the record" for a judgment for the plaintiff, and the record was "inadequate" to support a declaratory judgment against it. Here, in answer to the plaintiff's petition, the defendants moved for judgment and the record is adequate to support their contention.

The judgment is affirmed.

SIBLEY, Circuit Judge, dissents.