43831. LEWIS v. AMERICAN ROAD INSURANCE COMPANY.

SUBMITTED SEPTEMBER 5, 1968—DECIDED APRIL 4, 1969.

508

*Gilbert & Carter, Fred A. Gilbert, Warren S. Gritzmacher,* for appellant.

*Morton P. Levine,* for appellee.

BELL, Presiding Judge. 1. The record is not clear as to whether Curtis' confession was introduced and considered specially for impeachment purposes or generally as an admission against interest.

A party may not impeach his own witness except where he can show to the court that he has been entrapped by the witness by a previous contradictory statement. *Code Ann.* § 38-1801. We do not think defendant's counsel here made a sufficient showing of entrapment because: (1) The witness' statement given the Sheriff of Henry County did not come directly to counsel from the witness (*Jeens v. Wrightsville &c. R. Co.,* 144 Ga. 48, 52 (85 SE 1055); and (2) apparently the witness' deposition taken prior to the trial did not contain statements contradictory to the witness' testimony on trial but showed merely a refusal to respond to certain questions which the witness answered on the trial. The refusal to respond to

questions in discovery proceedings is not tantamount to making a statement or giving testimony contradictory to testimony on trial. Moreover, even if the statement was admissible solely for impeachment purposes, it could not be considered as proof of the facts contained in the statement. *Central R. & Bkg. Co. v. Maltsby,* 90 Ga. 630, 632 (16 SE 953) ; *Loomis v. State,* 78 Ga. App. 336 (7) (51 SE2d 33).

The rule that a party may not impeach his own witness (*Code Ann.* § 38-1801) does not prevent the party from proving the facts to be otherwise than as the witness has stated them in evidence. *Tanner v. State,* 161 Ga. 193 (5) (130 SE 64). "Contradiction is allowed, though direct impeachment be not." *Skipper v. State,* 59 Ga. 63, 66; *Hollingsworth v. State,* 79 Ga. 605, 607 (4 SE 560). Thus we must determine whether Curtis' statement was generally admissible as an exception to the hearsay rule.

The rule, as to parties to a suit, is that while convictions for criminal offenses are inadmissible in a civil action, a plea of guilty or a confession may be shown as an admission against interest. *Roper v. Scott,* 77 Ga. App. 120 (2) (48 SE2d 118) ; *Henderson v. Henderson,* 94 Ga. App. 64, 71 (93 SE2d 822) ; *Malcom v. Malcolm,* 112 Ga. App. 151, 156 (144 SE2d 188). An admission by a person not a party to an action however is admissible in evidence only where the party making the admission is the real party in interest, although not a party to the record, or where a party to the record refers another to the third person for information, or where there is an admission by a third person against his interest as to a fact collateral to the main issue between the litigants but essential to the adjudication of the cause. *Code* §§ 38-404, 38-405. *Akin v. Randolph Motors,* 95 Ga. App. 841, 848 (99 SE2d 358). Whatever may be meant by the language "collateral to the main issue . . . but essential to the adjudication" (*Code* § 38-405 (2)), it is certainly not applicable if the statement bears directly upon the main issue in the case. *Churchman v. Robinson,* 93 Ga. 731, 733 (20 SE 215); *Glens Falls &c. Co. v. Gottlieb,* 80 Ga. App. 634, 637 (56 SE2d 799). As to the distinction between collateral facts and facts directly involved

in the main issue in the case, see *Summerour v. Felker*, 102 Ga. 254, 257 (29 SE 448); *Jones v. State*, 70 Ga. App. 431, 449 (28 SE2d 373).

The main issue in this action was whether the loss occurred by the design or procurement of plaintiff rather than by theft. Obviously the extra-judicial admission of a third person showing that plaintiff procured him to take and destroy the automobile bore directly upon the main issue and therefore was not admissible under *Code* § 38-405 (2).

The court erred in allowing the statement to be introduced as it was not admissible either specially for impeachment purposes or generally as an admission against interest of a stranger to the suit or as a part of the res gestae.

2. (a) When a judge has tried a case without a jury, it must be presumed that he has "sifted the wheat from the chaff" and has based the judgment on the legal evidence only; this presumption prevails unless it appears from the judgment itself that consideration has been given to evidence which should have been excluded. *Bailey v. Holmes*, 163 Ga. 272, 275 (136 SE 60); *Rowell v. Rowell*, 211 Ga. 127, 130 (84 SE2d 23). The judgment will be reversed only if the legal evidence is not sufficient to support the finding; otherwise error in admitting evidence will be considered harmless. *McElroy v. Williams Bros. Motors*, 104 Ga. App. 435, 437 (121 SE2d 917) and citations.

Plaintiff testified that he had left the car parked in a certain place, that it was taken by someone unknown to him, and that when he saw it later it had been burned. His testimony was sufficient to make a prima facie case of loss by theft within the policy terms. On cross examination he stated positively that he had not made arrangements with anyone for the purpose of destroying the car or otherwise disposing of it. Raymond Leach, plaintiff's son-in-law, testified as a witness for defendant that plaintiff had asked him, Leach, if he knew anyone who could get rid of the car. In response to this inquiry, Leach suggested Bobby Curtis and took plaintiff to see Curtis. However, Leach testified he did not know what plaintiff and Curtis said to each other in the meeting. Bobby Curtis tes-

tified that he had a conversation with plaintiff about a Mustang but plaintiff did not ask him specifically if he could get rid of plaintiff's Mustang; that plaintiff had asked him if he could get rid of a car and had told him "there would be money involved in it"; that he subsequently burned plaintiff's Mustang, was indicted for arson and pleaded guilty to the charge.

Defendant's case relies entirely upon the inference based on the testimony of Leach and Curtis, that the negotiations with Curtis related to disposal of the automobile for the purpose of making a fraudulent insurance claim. However, that testimony does not entirely rule out the possibility that plaintiff negotiated with Curtis to dispose of the automobile by conventional and legal means and Curtis independently conceived the unlawful design.

Circumstantial evidence may outweigh positive testimony in probative value. *Bowie & Co. v. Maddox & Goldsmith,* 29 Ga. 285, 287; *Minter v. Kent,* 62 Ga. App. 265, 272 (8 SE2d 109). A finding of fact which may be inferred but is not demanded by circumstantial evidence is not authorized when positive and uncontradicted testimony of an unimpeached witness which is perfectly consistent with the circumstantial evidence shows that no such fact exists. *Frazier v. Ga. R. & Bkg. Co.,* 108 Ga. 807 (1) (33 SE 996); *Taggart v. Savannah Gas Co.,* 179 Ga. 181 (1) (175 SE 491); *Higgins v. D & F Electric Co.,* 117 Ga. App. 687, 692 (161 SE2d 331). However, by its own terms the latter rule is not applicable where there are facts in evidence tending to discredit the positive testimony. *Travelers Ins. Co. v. Miller,* 104 Ga. App. 554, 566 (122 SE2d 268).

Plaintiff submitted to defendant a proof of loss stating the amount of the loss as $2,750. Yet on the trial he swore that in his opinion the car was worth $3,150 after he had driven it 9,000 miles, approximately $8 more than he had paid for it when it was new. He testified at one point that he had left his car keys under the floor mat of the car on the evening it was taken; at another point he positively contradicted this testimony. The inconsistency and the unreasonableness of some of plaintiff's own testimony and his interest as a party in the case were all factors affecting the credit of his testimony.

*Evans v. Lipscomb,* 31 Ga. 71, 107; *Armstrong v. Ballew,* 118 Ga. 168, 170 (44 SE 996); *Smith v. Davis,* 203 Ga. 175, 182 (45 SE2d 609); *Daniels v. State,* 13 Ga. App. 66 (78 SE 777). "While the statute prescribes but three methods of impeachment, it clearly does not mean thereby that for no other reason can a witness be discredited." *Chapman v. State,* 109 Ga. 157, 163 (34 SE 369).

Plaintiff's credibility was a question for determination by the trial judge, as finder of the facts of the case. *Code* § 38-1805. Under the circumstances it cannot be said that plaintiff's testimony was unimpeached, and thus the rule stated in *Frazier v. Ga. R. & Bkg. Co.,* 108 Ga. 807 (1), supra, is not applicable. The court was authorized to reject plaintiff's testimony on cross examination denying that he had procured the destruction of his car and to adopt a contrary inference permitted by other evidence. While the evidence relied on by defendant clearly did not demand that contrary inference, nevertheless we think it was sufficient as a whole to establish the hypothesis claimed.

The standard for testing the sufficiency of circumstantial evidence is explained in *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 181-185 (129 SE2d 408), approved by the Supreme Court in *Old Colony Ins. Co. v. Dressel,* 220 Ga. 354, 358 (138 SE2d 886). It was not necessary that the proved circumstances show consistency with the hypothesis claimed and inconsistency with all other reasonable theories to the point of logical demonstration. *Radcliffe v. Maddox,* 45 Ga. App. 676, 682 (165 SE 841); *Sixth Street Corp. v. Daniel,* 80 Ga. App. 680, 684 (57 SE2d 210). As the evidence reasonably established defendant's theory, it was a question of fact whether it preponderated to that theory or some other; thus, a finding for defendant based on the outlined circumstantial evidence was authorized even though the evidence might have reasonably supported a finding for plaintiff. *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 183, supra; *Old Colony Ins. Co. v. Dressel,* 109 Ga. App. 465, 468 (136 SE2d 525); *U. S. Fire Ins. Co. v. Tuck,* 115 Ga. App. 562, 571 (155 SE2d 431).

It follows that the admission of the evidence discussed in

Division 1 of this opinion, though error, was harmless to plaintiff.

(b) The general grounds of enumerated error are without merit.

3. While it seems clear from Division 1, supra, that testimony concerning the indictments of Curtis and Garrett for arson, copies of the indictments, and the documentary evidence of the witnesses' guilty pleas were inadmissible, there is no reversible error in the admission of any part of that evidence because of the failure of plaintiff's counsel to make sufficient objection.

4. "When a question is propounded, it belongs to the court to consider and to decide whether any direct answer to it can implicate the witness. If this be decided in the negative, then he may answer it without violating the privilege [against self-incrimination] which is secured to him by the law." *Bass v. Bass*, 222 Ga. 378, 385 (149 SE2d 818); *Empire Life Ins. Co. v. Einstein*, 12 Ga. App. 380, 384 (77 SE 209). Where it was plain that the claim of privilege was not well taken the court did not err in requiring the witness to answer a certain question. See Warnell v. U. S., 291 F2d 687, 688.

5. It was not error to exclude evidence of reasonable attorney's fees where the evidence on the trial showed reasonable and probable cause for refusal to pay plaintiff's claim. See *U. S. Fidel. &c. Co. v. Biddy Lumber Co.*, 114 Ga. App. 358, 359 (151 SE2d 466).

> *Judgment affirmed. Hall and Quillian, JJ., concur.*