### BLACK et al. v. LITTLE et al.
### No. 538.

District Court, E. D. Michigan, N. D.,
in Equity.

Nov. 21, 1934.

David E. McLaughlin, Alfred P. Pierson, and Harold M. Karls, all of Saginaw, Mich., for plaintiffs.

Gregory H. Frederick, U. S. Atty., of Detroit, Mich.; and Berkeley W. Henderson, Sp. Asst. to the Atty. Gen., for defendants.

TUTTLE, District Judge.

This cause is now before the court on a motion to dismiss the bill of complaint, on the ground, in substance, that such bill does not show that the plaintiffs now require injunctive relief in order to prevent irreparable injury to them, and that therefore it does not state an equitable cause of action.

The plaintiffs, various individuals, partnerships, and corporations, allege that they are distributors of milk products in wholly intrastate commerce in Michigan, and that they have received from the Secretary of Agriculture, without their consent, licenses to engage in the handling of such milk products in the current of interstate commerce, pursuant to section 8 (3) of title 1 of the Agricultural Adjustment Act, approved May 12, 1933 (section 608 (3) of title 7 of the United States Code [7 USCA § 608(3)]), authorizing the Secretary of Agriculture to issue such licenses, and providing that "such licenses shall be subject to such terms and conditions, not in conflict with existing Acts of Congress or regulations pursuant thereto, as may be necessary to eliminate unfair practices or charges that prevent or tend to prevent ⁕ ⁕ ⁕ the restoration of normal economic conditions in the marketing of" agricultural

commodities, including milk products. The plaintiffs allege that, as they do not handle any products in "the current of interstate commerce," this act is not, and cannot constitutionally be made, applicable to them, and that therefore they cannot be compelled to comply with any of the provisions of such act or of the licenses or regulations prescribed thereunder, but that certain of the defendants have demanded of plaintiffs such compliance, including, specifically, the furnishing of certain documentary evidence and reports pursuant to the provisions of the act, and intend to initiate proceedings to enforce such demand. The bill prays that the act and the licenses and regulations thereunder, as applied to the plaintiffs, be declared unconstitutional and void, and that the defendants, government officials having certain duties in connection with such act, be restrained from attempting to enforce any of the provisions of such act, licenses, or regulations against the plaintiffs.

The defendants, Hugh A. Little, Market Administrator under said act, Charles Bridgeman and George F. Corrigan, his assistants, and Gregory H. Frederick, United States attorney for this district, contend, in substance, in support of their motion to dismiss this bill, that such bill does not show that they have threatened to compel compliance by the plaintiffs with this act or with any regulations or licenses thereunder, nor that they have the present power to do so.

Section 8(3), just mentioned, contains the following provisions: "The Secretary of Agriculture may suspend or revoke any such license, after due notice and opportunity for hearing, for violations of the terms or conditions thereof. * * * Any such person engaged in such handling without a license as required by the Secretary under this section shall be subject to a fine of not more than $1,000 for each day during which the violation continues." It is not shown or, claimed that any of the licenses issued to the plaintiffs have been suspended or revoked or that any proceedings have been taken for such suspension or revocation.

Section 10(c) of title 1 of said Act (section 610(c), title 7, United States Code [7 USCA § 610(c)]) provides as follows: "The Secretary of Agriculture is authorized, with the approval of the President, to make such regulations with the force and effect of law as may be necessary to carry out the powers vested in him by this chapter. * * * Any violation of any regulation shall be subject to such penalty, not in excess of $100, as

may be provided therein." It does not appear that any regulations, either in the form of provisions in licenses or otherwise, have been prescribed by the Secretary of Agriculture, with the approval of the President, providing any penalty for violation thereof except the suspension or revocation of such license.

Subdivision (h) of the said section 10 (7 USCA § 610 (h) provides that "the provisions, including penalties, of sections 48, 49 and 50 of Title 15, are made applicable to the jurisdiction, powers, and duties of the Secretary in administering the provisions of this chapter and to any person subject to the provisions of this chapter." Section 50 of said title 15 (USCA), being section 10 of the Federal Trade Commission Act, so made applicable to proceedings under the Agricultural Adjustment Act, contains the following provisions:

"Any person who * * * shall willfully refuse to submit to the commission or to any of its authorized agents, for the purpose of inspection and taking copies, any documentary evidence of such corporation in his possession or within his control, shall be deemed guilty of an offense against the United States, and shall be subject, upon conviction in any court of the United States of competent jurisdiction, to a fine of not less than $1,000 nor more than $5,000, or to imprisonment for a term of not more than three years, or to both such fine and imprisonment.

"If any corporation required by this subdivision of this chapter to file any annual or special report shall fail so to do within the time fixed by the commission for filing the same, and such failure shall continue for thirty days after notice of such default, the corporation shall forfeit to the United States the sum of $100 for each and every day of the continuance of such failure, which forfeiture shall be payable into the Treasury of the United States, and shall be recoverable in a civil suit in the name of the United States brought in the district where the corporation has its principal office or in any district in which it shall do business. It shall be the duty of the various district attorneys, under the direction of the Attorney General of the United States, to prosecute for the recovery of forfeitures."

It is not alleged that the defendant district attorney has instituted, or threatened to institute, any proceedings, civil or criminal, against the plaintiffs, and it is not shown, and does not appear, that the other defendants have any power to do so.

I reach the conclusion that the plaintiffs have not alleged facts showing that they are presently threatened with imminent, irreparable injury if they are not granted the injunctive relief which they seek (Federal Trade Commission v. Claire Furnace Co., 274 U. S. 160, 47 S. Ct. 553, 71 L. Ed. 978; Gilchrist v. Interborough Rapid Transit Co., 279 U. S. 159, 49 S. Ct. 282, 73 L. Ed. 652), and that therefore they are not entitled to such relief.

By supplemental brief, the plaintiffs have invoked the provisions of the recently enacted Federal Declaratory Judgment Act, approved June 14, 1934 (adding section 274d to Judicial Code), being section 400 of title 28 of the United States Code (28 USCA § 400), which provides as follows:

"(1) In cases of actual controversy the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such.

"(2) Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaration, to show cause why further relief should not be granted forthwith.

"(3) When a declaration of right or the granting of further relief based thereon shall involve the determination of issues of fact triable by a jury, such issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court, whether a general verdict be required or not."

The plaintiffs insist that, whether or not they are entitled to any of the injunctive relief sought, under the Act just quoted they are entitled, at least, to a declaratory judgment herein "passing upon the validity of the legislation and licenses or orders involved." The defendants, however, urge that this statute is not applicable to this case because there is here no "actual controversy" between the parties, as required by the statute. Their argument, in substance, is to the effect that, in order to constitute an actual controversy in the present case, it must appear that the defendants not only have threatened to enforce against the plaintiffs the statutory provisions here involved, but are in a position to do so, that is, that they or at least one of them has the legal power to institute a criminal prosecution or proceedings for the collection of penalties, which action, they argue, has not been shown to have been threatened by, and within the power of, the defendants.

The decision of the Supreme Court in the recent case of Nashville, Chattanooga & St. Louis Railway v. Wallace, 288 U. S. 249, 53 S. Ct. 345, 77 L. Ed. 730, 87 A. L. R. 1191, is, in my opinion, applicable and controlling here and decisive of this question in favor of the plaintiffs. In that case, the plaintiff, proceeding under the Tennessee Declaratory Judgments Act (Pub. Acts 1923, c. 29), which was substantially similar to the statute here under consideration, alleged that a certain statute prescribing a gasoline privilege tax was, if applied to the plaintiff, unconstitutional, but that the defendants, public officers charged with the duty of enforcing such statute, asserted that such statute applied to the plaintiff, had demanded payment of such tax, and had determined to enforce such demand. No injunction was asked, and the only relief sought was a declaration by the court that the statute, as applied to the plaintiff, was unconstitutional. The Supreme Court held that the case involved an actual controversy, and in the course of its opinion said (288 U. S. at pages 262 et seq., 53 S. Ct. 345, 348, 77 L. Ed. 730, 87 A. L. R. 1191): "Thus the narrow question presented for determination is whether the controversy before us, which would be justiciable in this Court if presented in a suit for injunction, is any the less so because through a modified procedure appellant has been permitted to present it * * * without praying for an injunction or alleging that irreparable injury will result from the collection of the tax. While the ordinary course of judicial procedure results in a judgment requiring an award of process or execution to carry it into effect, such relief is not an indispensable adjunct to the exercise of the judicial function. * * * The issues raised here are the same as those which under old forms of procedure could be raised only in a suit for an injunction or one to recover the tax after its payment. But the Constitution does not require that the case or controversy should be presented by traditional forms of procedure, invoking only traditional remedies. The judiciary clause of the Constitution defined and limited judicial power, not the particular method by which that power might be invoked. It did not crystallize into changeless form the procedure of 1789 as the

only possible means for presenting a case or controversy otherwise cognizable by the federal courts. * * * As the prayer for relief by injunction is not a necessary prerequisite to the exercise of judicial power, allegations of threatened irreparable injury which are material only if an injunction is asked, may likewise be dispensed with if, in other respects, the controversy presented is, as in this case, real and substantial."

The decision in the case just cited requires, in my opinion, the rejection of the contention of the defendants to the effect that this case does not involve an actual controversy, and that therefore the Federal Declaratory Judgment Act is inapplicable. Here, as there, it fairly appears from the allegations of the bill, considered as a whole, that the plaintiffs are denying, while the defendants are asserting, the constitutionality, as applied to the plaintiffs, of the provisions of the Agricultural Adjustment Act already mentioned; that certain of the defendants have demanded compliance by the plaintiffs with such statutory provisions; that the defendants intend, in due course, to enforce such provisions against the plaintiffs, to their injury; and that the defendant district attorney is charged by law with the power and duty to institute against plaintiffs appropriate proceedings, both criminal and civil, to execute this law pursuant to the provisions thereof hereinbefore quoted. It follows that the allegations of the bill of complaint, which must be accepted as true for the purpose of the motion to dismiss, present an actual controversy within the meaning of the Federal Declaratory Judgment Act, notwithstanding the fact that, in the language of the act, "further relief" cannot be granted. The actual controversy alleged by the bill is, in substance and effect, that the defendants are claiming that the Agricultural Adjustment Act applies to the plaintiffs and to the business of the plaintiffs as it has been, and is now being, conducted; that the defendants claim that the plaintiffs must comply with this law and conduct their business in accordance therewith; and that the defendants have taken the initial steps to demand and insist that the plaintiffs comply with said law, on the theory and under the claim that the law, as properly interpreted, applies to the plaintiffs and to their said business, while, on the other hand, the plaintiffs claim that their business, as it has been conducted, is being conducted, and will hereafter be conducted, is entirely intrastate business, and not in any respect interstate business, and that, as it is wholly intrastate business, if this law be in-

terpreted as applying to such business, the law is unconstitutional. The very fact that the defendants contest this suit praying for such a declaration of invalidity indicates that the defendants take issue with this claim of the plaintiffs, and evidently intend to raise either an issue of fact as to the character of the business conducted by the plaintiffs or an issue of law as to the interpretation of the statute with respect to its applicability to said business.

For the reasons stated, I conclude that the motion for a temporary injunction should be denied, but that, as the bill of complaint states a cause of action under the Federal Declaratory Judgment Act, the motion to dismiss the bill should also be denied. An order will be entered accordingly.