**DANAHY PACKING CO. v. McGOWAN,**
and four other cases.
Nos. 1972–1975, 1986.

District Court, W. D. New York.
July 29, 1935.

John W. Ryan, of Buffalo, N. Y., for Danahy Packing Co.

J. Willison Smith, Jr., James A. Montgomery, Jr., Humbert B. Powell, and George Wharton Pepper, all of Philadelphia, Pa., and Stephen J. Warren and Earl F. Case, both of Rochester, N. Y., for Rochester Packing Co., Inc.

Kenefick, Cooke, Mitchell, Bass & Letchworth, of Buffalo, N. Y., for Federal Mill, Inc.

Locke, Babcock, Hollister & Brown, of Buffalo, N. Y., for Washburn Crosby Co., Inc.

Hubbell, Taylor, Goodwin, Nixon & Hargrave, of Rochester, N. Y., for Moseley & Motley Milling Co.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., of counsel), for McGowan.

KNIGHT, District Judge.

These are suits in equity involving substantially identical issues. The complaints ask as relief: (1) Declaratory judgments declaring that certain processing taxes assessed under the purported authority of Act P. L. 10 of the 73d Congress, approved May 12, 1933, as amended, and known as the Agricultural Adjustment Act (7 USCA § 601 et seq.), are unconstitutional and void, and (2) an injunction restraining the defendant, as collector of internal revenue, from collecting or attempting to collect such taxes assessed against these plaintiffs. The plaintiffs in equity No. 1972 and No. 1973 are the processors of hogs, the other plaintiffs, processors of wheat.

At the time when the complaints herein were filed, orders to show cause were issued directed to the defendant to show cause before this court why temporary injunctions should not be granted restraining the defendant from taking any proceedings for the collection of taxes aforesaid pending the final determination of the issues herein, and thereupon this court granted orders enjoining defendant from proceeding in the collection of such taxes pending the return and determination of the orders to show cause aforesaid. Such orders to show cause were returnable and were heard before this court on July 8, 1935. In the meantime the defendant served upon each plaintiff and brought on for hearing on the day last mentioned a motion to dismiss each of the complaints aforesaid on several grounds, which in substance are that maintenance of such suit is expressly prohibited by statute; that the complaints do not state facts sufficient to entitle plaintiffs to equitable relief; that the United States is the real party in interest and may not be sued without its consent; and that proceedings herein for declaratory judgment are unauthorized.

In a logical order, the question of jurisdiction should first be considered. This is a suit to restrain the collection of taxes. R. S. § 3224 (section 154, tit. 26 USC [26 USCA § 154]) reads: "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." Judicial Code, § 267 (section 384, tit. 28 USC [28 USCA § 384]) provides: "Suit in equity shall not be sustained in any court of the United States in any case where a plain, *adequate*, and complete remedy may be had at law." (Italics added.)

Section 149, tit. 26 USC (26 USCA § 149) (Internal Revenue Act) authorizes the refunding of "taxes erroneously or illegally assessed or collected." Section 156 of the same title provides a remedy to recover such taxes.

Whether these suits are maintainable is dependent upon whether they come within certain limitations of section 3224, R. S. (26 USCA § 154), supra, as declared by the courts, and whether the plaintiffs have an adequate remedy at law. The process of injunction should be allowed to issue only with great caution and deliberation. "It is the strong arm of equity, that never ought to be extended, unless to cases of great injury, where courts of law cannot afford an adequate * * * remedy." Truly v. Wanzer, 5 How. 141, 142, 12 L. Ed. 88. Such caution and deliberation are specially demandable where it is sought to restrain the collection of taxes. The purpose of the rule of the common law, which is declared in said section 3224, R. S., enacted in 1867 (26 USCA § 154 and note), is well stated in the State Railroad Tax Cases, 92 U. S. 575, 613, 23 L. Ed. 663, as follows: "It is founded in the simple philosophy derived from the experience of ages, that the payment of taxes has to be enforced by summary and stringent means against a reluctant and often adverse sentiment; and to do this successfully, other instrumentalities and other modes of procedure are necessary, than those which belong to courts of justice."

The courts have had occasion many times to construe the effect of section 3224, R. S. (26 USCA § 154). Mention need be made of a few only of the more recent decisions of the Supreme Court construing such section. Snyder v. Marks, 109 U. S. 189, 3 S. Ct. 157, 27 L. Ed. 901; Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557; Dodge v. Brady, 240 U. S. 122, 36 S. Ct. 277, 60 L. Ed. 560; Bailey v. George, 259 U. S. 16, 42 S. Ct. 419, 66 L. Ed. 816; Hill v. Wallace, 259 U. S. 44, 42 S. Ct. 453, 66 L. Ed. 822, and Miller v. Standard Nut Margarine Co., 284 U. S. 498, 52 S. Ct. 260, 263, 76 L. Ed. 422; Fox v. Standard Oil Co., 294 U. S. 87, 55 S. Ct. 333, 79 L. Ed. 780, decided by the Supreme Court, January 14, 1933. These decisions leave no doubt that section 3224, R. S. (26 USCA § 154) is flex-

ible. In Miller v. Standard Nut Margarine Co., supra, in which an injunction was allowed to restrain the collection of a tax on a product not properly taxable under the oleomargarine act, the court said: "Independently of, and in cases arising prior to, the enactment of the provision (Act of March 2, 1867, [§ 10], 14 Stat. 475) which became Rev. St. § 3224 (26 USCA § 154), this court, in harmony with the rule generally followed in courts of equity, held that a suit will not lie to restrain the collection of a tax upon the sole ground of its illegality. * * * And this court likewise recognizes the rule that, in cases where complainant shows that in addition to the illegality of an exaction in the guise of a tax there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collector. * * * This court has given effect to section 3224 in a number of cases. * * * It has never held the rule to be absolute, but has repeatedly indicated that extraordinary and exceptional circumstances render its provisions inapplicable. * * * This is not a case in which the injunction is sought upon the mere ground of illegality because of error in the amount of the tax. The article is not covered by the act. A valid oleomargarine tax could by no legal possibility have been assessed against respondent, and therefore the reasons underlying § 3224 apply, if at all, with little force."

Do plaintiffs show such "extraordinary and special circumstances" as render the provisions of this section inapplicable?

■ Complainants allege the unconstitutionality of the act. "The averment that a taxing statute is unconstitutional does not take this case out of the section." Bailey v. George, 259 U. S. 16, 42 S. Ct. 419, 66 L. Ed. 816; Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557. The mere allegation that the taxes are excessive and burdensome and will operate to destroy business of plaintiffs likewise is insufficient to take these cases out of the application of section 3224, R. S. (26 USCA § 154). Miller v. Standard Nut Margarine Co., supra; McCray v. U. S., 195 U. S. 27, 24 S. Ct. 769, 49 L. Ed. 78, 1 Ann. Cas. 561. Plaintiffs assert as extraordinary and exceptional circumstances that proposed amendments to the Agricultural Adjustment Act now pending before

Congress, if enacted into law, will deprive the plaintiffs of any and all right of recovery on account of taxes paid pursuant to the statute. Whether any amendments will be enacted into law cannot be forecast with certainty, nor can the provisions of such amendments be foretold. Indeed, numerous changes in these amendments, as originally proposed, have just been approved in the United States Senate. "The fact that * * * the legislative action threatened may be in disregard of constitutional restraints * * * does not affect the question." McChord v. Cincinnati, N. O. & T. P. R. Co., 183 U. S. 483, 496, 22 S. Ct. 165, 46 L. Ed. 289. "To grant an injunction in anticipation of a possible injury to arise under a law that may never be passed, is, to say the least, unusual. What complainant's rights may be, and what relief should be afforded him in the event of the passage of such a law as he contemplates, cannot now be anticipated." Ryan v. Williams (C. C.) 100 F. 172, 175. See, also, New Orleans Water Works v. New Orleans, 164 U. S. 471, 17 S. Ct. 161, 41 L. Ed. 518; Prentis v. Atlantic Coast Line, 211 U. S. 210, 29 S. Ct. 67, 53 L. Ed. 150. The financial inability of the party to pay the tax does not justify intervention of equity.

■ Since the motions herein were made, the amendments to the Agricultural Adjustment Act then pending have been substantially and materially changed and numerous new amendments added to the measure, and these have been adopted by the United States Senate and are now awaiting action by the House of Representatives. This situation clearly shows the reason why the court should not grant relief on an application asserting probable prospective legislation.

■ While none of the contentions made in these suits for equitable relief in and of itself is sufficient standing alone to bring these suits within the exceptions to the application of section 3224, R. S. (26 USCA § 154), the accumulation of them when considered in connection with the recent decision in Butler et al., Receivers, v. United States of America (C. C. A.) 78 F.(2d) 1, decided June 13, 1935, and other facts to which I will refer, present such exceptional and extraordinary circumstances as justify the exercise of the equity power of the court.

At least until final determination of the question of the constitutionality of the

Agricultural Adjustment Act has been made, the internal revenue collector is bound to proceed to collect the taxes at issue here, and in default of the payment of such taxes, the plaintiffs will be liable to criminal penalties provided by the statute. Revenue Act 1926, § 1114 (a), 44 Stat. 116 (title 26, § 1265, U. S. C. (26 USCA § 1265).

The Court takes knowledge of the fact that many millions of dollars have been paid in processing taxes, and, in case the Agricultural Adjustment Act is finally determined to be unconstitutional, repayment in part at least will be sought by many claimants, and inevitably this will result in great delay in repayment.

The taxes in question not having been paid, they can be paid into court to await the final determination of the actions herein. If by reason of any statute passed and in legal force, the plaintiffs are or are not entitled to retain the sums paid into court, or a part thereof, the final determination will adjudicate the rights of the parties and decree accordingly. By payment into court of these taxes, neither the plaintiffs nor the defendants are prejudiced.

In view of the recent decision of a federal appellate court holding the act unconstitutional and the facts such as hereinbefore set forth, it seems to me there is merit in the appeal to the equity side of the court that the plaintiffs have not an adequate remedy at law, and that this opinion is clearly sustained by the Supreme Court, particularly in the cases of Hill v. Wallace, 259 U. S. 44, 42 S. Ct. 453, 66 L. Ed. 822, and Miller v. Standard Nut Margarine Co., 284 U. S. 498, 52 S. Ct. 260, 76 L. Ed. 422; Lee v. Bickell, 292 U. S. 415, 54 S. Ct. 727, 78 L. Ed. 1337.

■ The defendant asserts that the defendant is not the real party in interest and that, therefore, no controversy exists between defendant and plaintiffs. By provision of statute, the collector is required to collect all taxes (USC title 26, § 103 [26 USCA § 103]), and the Agricultural Adjustment Act specifically directs the collection of the processing taxes by the Bureau of Internal Revenue. Section 19 (a), 7 USCA § 619 (a). The collector is given express authority by law to distrain for nonpayment of taxes and take proceedings to procure the taxes. USC title 26, §§ 115, 116 (26 USCA §§ 115, 116).

Defendant's assertion cannot be sustained in the light of the history of the law leading up to the enactment of section 3226, R. S. (section 156, tit. 26 USC [26 USCA § 156 and note]) and the decisions of the courts, Sage v. U. S., 250 U. S. 33, 39 S. Ct. 415, 416, 63 L. Ed. 828; Nashville, C. & St. L. Ry. v. Wallace, 288 U. S. 249, 53 S. Ct. 345, 77 L. Ed. 730, 87 A. L. R. 1191; Miller v. Standard Nut Margarine Co., 284 U. S. 498, 52 S. Ct. 260, 76 L. Ed. 422; Graham & Foster v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415; Geo. Moore Ice Cream Co., Inc. v. Rose, 289 U. S. 373, 53 S. Ct. 620, 77 L. Ed. 1265; Cosulich Line of Trieste v. Elting (C. C. A.) 40 F.(2d) 220; Penn v. Glenn (D. C.) 10 F. Supp. 483; Black v. Little (D. C.) 8 F. Supp. 867. In numerous cases in other District Courts recently brought for the same purpose herein, support for this view is found.

■ As pointed out in the recent case of Penn v. Glenn, supra, prior to March 3, 1839, the collector was held personally liable for taxes illegally collected. The statute enacted on the last-mentioned day was held to relieve the collector personally, but the act passed March 3, 1863, § 12, 12 Stat. 741 (see 28 USCA § 842), specifically provided that where recovery has been had against a collector and the court held there was probable cause for the action of the collector or that he acted under the direction of another properly authorized officer, no execution should issue against the collector, but the amount should be paid out of the treasury. Impliedly this recognized the right to proceed against the collector. Section 3226, R. S., expressly authorizes the bringing of suit to recover a tax illegally paid within certain limitations. The Act of March 3, 1863, § 12, now section 989, R. S. (title 28, § 842 USC [28 USCA § 842]) and section 3226, R. S., are to be read together, and when so read there can be little doubt of the intent to make the collector liable in the first instance. Mellon v. U. S. ex rel. Hill, 59 App. D. C. 149, 36 F.(2d) 609.

It is necessary to go no further than to quote from the opinion of Mr. Justice Holmes in Sage v. United States, supra, wherein he calls attention to the fact that the statute provides that a preliminary appeal to the Commissioner of Internal Revenue is necessary *before* suit is brought, that the district attorney is required to appear for the collector *when suit is*

*brought;* that the judgment recovered is to be paid by the United States and the collector is exempt from execution on certain conditions, and follows this by the statement: "It is hard to say that the United States is privy to such a judgment. * * * The suit is personal and its incidents * * * are different. It does not concern property in which the United States asserts an interest on its own behalf. * * * At the time the judgment is entered the United States is a stranger. Subsequently the discretionary action of officials may, or it may not, give the United States a practical interest. * * *" Attention is specially directed to Hill v. Wallace and Miller v. Standard Nut Margarine, supra, as recent recognition by the Supreme Court of the right to sue the collector and that he is the real party in interest. Defendant cites Transcontinental & Western Air v. Farley, Postmaster General, 71 F.(2d) 288 (C. C. A. Second Circuit). This case is not comparable for the reason that no similar statutes are involved, and, further, the postmaster acted under direct order from the President. The court there said: "The determinative factor is the effect of the judgment." In the tax cases, the judgment may or may not affect the United States. There such interest was directly affected. The collector of internal revenue, both individually and as such collector, is the real party in interest.

It is my conclusion, therefore, that the court has jurisdiction of the cause and that the suit is properly brought as to parties.

The plaintiffs allege that an actual controversy between the plaintiffs and the defendant exists and petition for a declaratory judgment declaring the assessments herein unconstitutional and void, as well as seeking an injunction restraining action by the collector. In view of these allegations in the complaints and the fact that no issue has been joined, it is unnecessary to determine at this time the question of the right of the plaintiffs to proceed under the Declaratory Judgment Act (Jud. Code, § 274d, 28 USCA § 400). Gold Medal Foods, Inc. v. James R. Landy, Individually and as Collector (D. C.) 11 F. Supp. 65.

No opinion is expressed at this time as regards the constitutionality of the Agricultural Adjustment Act. Such will await further proceedings in the causes.

Motions for an injunction restraining the defendant, George T. McGowan, collector of internal revenue, for the Twenty-eighth district of New York, from collecting or attempting to collect any and all taxes assessed or to be assessed against the plaintiffs pending the determination of these suits are granted.

The motions for a declaratory judgment are denied pending further action by the court; and the motions of defendant to dismiss are denied, with leave of the defendant to serve answers herein within twenty days from the date of the service and entry of an order on this opinion.

The motions restraining the collector of internal revenue aforesaid are granted, upon the condition that the plaintiffs, pending the final determination in these suits, deposit into this court the amount of the taxes assessed pursuant to the provisions of the Agricultural Adjustment Act which have accrued or shall hereafter accrue during the pendency of these suits, or the plaintiffs give sufficient bonds approved by this court sufficient to cover such processing taxes which have accrued or which may hereafter accrue as the court may determine in each individual case.