## PREFERRED ACC. INS. CO. v. BARKER.
### No. 7853.

Circuit Court of Appeals, Sixth Circuit.
June 9, 1939.

Silas Williams, of Chattanooga, Tenn. (Silas Williams, of Chattanooga, Tenn., and Swafford & Woodlee, of Dayton, Tenn., on the brief), for appellant.

Charles C. Moore, of Chattanooga, Tenn. (P. H. Thach, T. S. Myers, J. B. Sizer, Thach & Thach, and Sizer, Chambliss & Kefauver, all of Chattanooga, Tenn., on the brief), for appellee.

Before SIMONS, HAMILTON, and ARANT, Circuit Judges.

HAMILTON, Circuit Judge.

Upon mutual request for a directed verdict, the lower court rendered a judgment of $11,374.21 for the appellee on an automobile liability insurance policy, from which appellant appeals.

On January 23, 1935, there was in effect a contract of insurance between the appellant, the Preferred Accident Insurance Company, insurer, and Mrs. E. N. Keith, assured, by the terms of which the company agreed to indemnify her in an amount not exceeding Ten Thousand ($10,000) Dollars, against claims for damages for bodily injuries or death alleged to have resulted from the operation of an automobile owned by her and described in the policy. The contract contained a provision that it should cover, as additional assured, any other person using, and having a legal right to use, such automobile with the consent of the assured for pleasure or business and if the assured were an individual, such permission could be given through an adult member of his household, other than a chauffeur or domestic servant. The policy also provided that bankruptcy or insolvency of the assured should not relieve the company of its obligations and that if any person or his legal representative obtained final judgment against assured because of injuries and execution returned unsatisfied by reason of bankruptcy, insolvency or any other cause, or if such judgment were not satisfied within thirty days, recovery could be had from the company, not exceeding the limit of the policy.

E. N. Keith was the husband of the assured, and with her consent, used in his business, the automobile covered by the policy.

On January 23, 1935, John Elder, an employee of E. N. Keith, with the knowledge and consent of Mrs. Keith, was directed by his employer to take her automobile and go to Pikeville, Daws and Dunlap, Tennessee, a distance of approximately thirty-five miles in the discharge of his duties. He went to the places directed but, without the knowledge or consent of his employer, and during the time of his employment, doubled back over the route from Pikeville to Lee Station to take some friends home and while returning to Pikeville to resume his duties, and on its outskirts, struck and fatally injured appellee's intestate, Mabel B. Myers.

Appellee instituted an action in the State Court of Tennessee against the Keiths and Elder to recover damages. On the trial, the Court found for the Keiths on the ground that at the time of the injury Elder was acting jointly for himself and his employer, but outside the scope of his employment. A judgment was had against Elder for Ten Thousand ($10,000) Dollars and an execution issued which was returned unsatisfied because of his insolvency and appellee thereupon commenced the present action.

Appellant attacks the judgment below on the sole ground that at the time of the accident, Elder was operating the automobile without the consent of the assured because he had deviated from the course of his employment.

■ Questions growing out of "omnibus" clauses of liability insurance policies are among the most difficult and intricate in the law of insurance and from the numerous cases reported, it will be seen that nice and almost imperceptible distinctions have been resorted to, in their application. To review the cases for the purpose of reconciling them or to extract from them principles which might be applicable to the case at bar, if the question were considered open, is not our problem. The inquiry is narrowed by applying the rule that where any principle of law not involving the Constitution or laws of the United States has been settled in the State Court, we will follow the State rule. Frie Railroad v. Tompkins, 304 U.S. 64, 80, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Ruhlin v. New York Life Insurance Company, 304 U.S. 202, 209, 58 S.Ct. 860, 82 L.Ed. 1290; Rosenthal v. New York Life Insurance Company, 304 U.S. 263, 264, 58 S.Ct. 874, 82 L.Ed. 1330.

The case of Stovall v. New York Indemnity Company, 157 Tenn. 301, 8 S.W.2d 473, 474, 72 A.L.R. 1368, decided by the Supreme Court of Tennessee July 16, 1928, turns solely upon the construction of a clause in an indemnity insurance policy which defines the term "additional assureds" as follows:

"B. The words additional assured(s) used in the insuring agreements shall mean (a) any person(s) while riding in or legally operating an automobile insured hereunder, or (b) any person, firm, or corporation legally responsible for the operation thereof, providing such use or operation is with the permission of the named assured, or, if the named assured is an individual, with the permission of an adult member of his family other than a chauffeur or domestic servant."

The action was predicated upon the theory that at the time of the accident in which the plaintiffs were injured the driver of the car was operating it with the knowledge and consent of the named assured, which brought him within the omnibus clause of the policy.

The facts in the case were that the driver of the automobile who was a traveling salesman had the consent of his employer to use it in the discharge of his duties but, while so doing, departed from the scope of his employment and drove into another state, a distance of 135 miles from his place of employment, where he collided with plaintiffs' automobile and injured them. Suit was instituted against the employee and a $3,000.00 judgment secured for which execution was returned nulla bona. Suit was then instituted against the insurance carrier of the employer under the omnibus clause of its policy and the court decided the words "providing such use or operation is with the permission of the named assured" in an indemnity policy insuring an owner of an automobile, and "additional insured," which it defined to mean persons so using the car, covered a person making use of the car for his own purposes, if delivered to him for use with the owner's permission, although driven to a place or for a purpose not within the owner's contemplation when he parted with it.

In the case of Romines v. Preferred Accident Insurance Company[1], unreported, decided by the Supreme Court of Tennessee on November 26, 1932, the assured directed the employee to take his car two blocks and put it in a garage. Instead of carrying out instructions, he drove some distance out on a highway, had a collision and injured the plaintiff, occupant of the other car. The employee was sued, judgment obtained and insolvency appearing, the plaintiff sued under the "omnibus" clause of the policy. The court, in referring to the Stovall case, said:

" * * * that a distinction should be taken between the scope and legal implications of a permission like that given to a salesman intrusted with a car and a permission to use a car for a specified purpose for a limited time.

"Here the owner of this car was in legal possession thereof at a point within two blocks of a garage to which he directed the driver of the car to proceed. This driver had been employed for a particular purpose. That purpose had been nearly accomplished. The owner of the car intended that the driver should relinquish possession at the garage within five or ten minutes. The accident occurred at a point far distant from the garage to which the car was destined by its owner and at a time several hours later.

"To say that such deviation from the orders given by the owner with respect to his car could be construed as a use of the automobile with the permission of the owner is too strong a statement."

---

[1] No opinion for publication.

In the case at bar, the employee had not completed his duties and temporarily abandoned them, because a crowd had gathered in his employer's storage house, which interfered with his work, and he made the side trip not only to accommodate his friends but in order to disperse the crowd, and the accident occurred while he was returning to complete his employer's business.

The facts in the Stovall case approximate those in the case here and we construe the ruling of the court there as an adjudication upon the point we have here. Judgment is affirmed.